IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MAGGIE COLLINS                                                                                    PLAINTIFF

V.                              NO.  5:06-CV-5187-RTD

WAL-MART STORES, INC.                                                                      DEFENDANT

O R D E R

Before the court is the Defendant's Motion to Compel (Doc. 15) filed August 22, 2007 and second Motion to Compel (Doc. 21) filed October3, 2007.  The Plaintiff has not filed a Response.

Background:

The Plaintiff filed her complaint (Doc.1) on September 29, 2006 and alleged Disparate Treatment, Hostile Work Environment, Violation of the Arkansas Civil Rights Act, Breach of Contract, Invasion of Privacy, Outrage and Wrongful Termination.  Wal-Mart filed its Answer (Doc. 6) on December 5, 2007.

Wal-Mart filed Interrogatories and Request for Production (Doc. 15, page 4-7) on March 8, 2006.  The Plaintiff filed her Response to Defendant's Interrogatories and Request for Production (Doc. 15, page 11-14) on March 30, 2007.  In the Response the Plaintiff objected to each and every Interrogatory and Request for Production on the basis of Relevance.

In an undated letter from Plaintiff's attorney to Wal-Marts attorney which accompanied the Response the attorney merely states that she does "apologize for this inconvenience" and explains that she has simply not been able to met with her client yet but she expect to meet with her within one week and "will have responses to you as soon as possible". (Doc. 15, page 15)

The Defendant did write Plaintiff's attorney on June 20, 2007 and did confirm that she

expected to have "written discovery request prior to the deposition" of Plaintiff, which was scheduled on July 12, 2007. (Doc. 15, page 16)  It appears that the deposition did take place on July 12, 2007. (Doc. 15, page 18)  To date it does not appear that any responses have been made by the plaintiff.

Discussion:

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

Conclusion:

The Defendant's Motion to Compel is GRANTED and the Plaintiff is ordered to respond to the Interrogatories within fourteen days.

IT IS SO ORDERED this 5th day of October 2007.

*/s/ J. Marschewski*
James R. Marschewski
United States Magistrate Judge